IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| CLAUDIA WASHINGTON, | : | CASE NO.: 7:18-cr-61-1 (WLS-TQL) |
| | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is a "Joint Motion for Continuance and Extension of the Speedy Trial Act Deadline," filed by the parties in the above-styled action on March 22, 2022. (Doc. 57.) Defendant is charged with four counts, including possession with intent to distribute heroin, methadone, hydrocodone, and methadone. (Doc. 1.) Defendant is out of custody on conditions of release but has been receiving inpatient treatment from Legacy Behavioral Health. (Doc. 57 at ¶ 2.) The Court has previously continued this case and its proceedings multiple times. (Docs. 20, 23, 27, 35, 42, 45, 49, 52.) The Court is aware and sympathetic toward Defendant Washington's situation and the demands on counsel's schedule. However, the Court also must ensure that cases reach the ends of justice in a timely and efficient manner. Based on the excessive continuances, the Court now holds as follows.

Defendant, through counsel, has moved to continue this case for various reasons, ranging from difficulties stemming from the COVID-19 pandemic to counsel's rescheduling of Defendant's change of plea based on scheduling conflicts out of state. However, given the extensive time-period of this case and reasoning for the most recent continuance and hearing cancellation, the Court does not find the posited need for the instant continuance persuasive. The trial moratorium put in place by this District due to the COVID-19 pandemic has long expired and court operations are back in effect. The Court has already cancelled a specially set change of plea for Defendant and defense counsel based on foreseeable conflicts of schedule.

1

Further, as repeated in the instant motion and previous requests, defense counsel asserts that because Defendant Washington is indigent, she has "no transportation to Albany, Georgia" and again asks that any hearing on a potential change of plea be held in the Valdosta Division of this Court. (Doc. 57.) Defense counsel has been made aware that it is the Court's historical practice to hold changes of plea or sentencing hearings in its home division of Albany or the division of a case's origin if the Court is actually sitting in that division at the time of the plea. The Court has also already made special arrangements to hold a change of plea hearing for Defendant in the Valdosta division, which Defendant later asked to cancel. (*See* Docket.) Said cancellation was entered over a month ago, and Defendant's counsel has not been in contact with the Court to reschedule despite communication requesting such from this Court.[*]

In regards to Defendant's ability to travel, the Court reminds Defendant of the terms of her bond agreement and the Court's Order granting her pretrial release. Defendant Washington is ordered to "appear in court as required" or she shall forfeit her unsecured bond and face immediate revocation of her pretrial release, arrest, and detention. (Docs. 11, 12.) She

---

[*] On January 3, 2022, Defendant, through her counsel, filed a status report requesting that the change of plea hearing be held in the Valdosta Division and that her counsel would be in pretrial preparations in the state of Oklahoma for a period of time ranging from February 9, 2022 till the week of February 22, 2022. (Doc. 54.) Based on the status update, defense counsel did not plan to be in Oklahoma at some point between February 9, 2022 and February 17, 2022, as counsel stated she would be "returning to Oklahoma on February 17, 2022 to finish preparing for trial." (*Id.*)  The Court then issued an Order for defense counsel to contact the Courtroom Deputy "no later than Friday, January 14, 2022 to schedule a hearing for a change of plea in the Valdosta Division of this Court for the week of February 14, 2022." (Doc. 55.)  On January 11, 2022 at 3:00pm, defense counsel emailed the Courtroom Deputy explaining that she had conferred with the Government and asked to schedule a change of plea hearing for Defendant Washington in the Valdosta Division "on Monday the 14th," meaning February 14, 2022.  The Courtroom Deputy confirmed that counsel was requesting that the hearing be held in Valdosta, as the Court may not have been in the Valdosta Division that day. Defense counsel confirmed the request to the Courtroom Deputy, who then scheduled the hearing on the docket for February 14, 2022 at 2:00pm in the Valdosta Division. (*See* Docket.) The change of plea scheduling was docketed on January 13, 2022. (*See* Docket.) The Court specially arranged and scheduled a hearing for Defendant's change of plea in the Valdosta Division courthouse because the Court had other matters requiring its presence in Valdosta. Soon after, on February 10, 2022, the Court's scheduled changed and it became clear it would not be in Valdosta the week of February 14, 2022. The Court instructed the Courtroom Deputy to email defense counsel to check and see if the hearing could be held on February 10, 2022 or if the hearing needed to be rescheduled. Defense counsel informed the Courtroom Deputy she would need to reschedule. The Courtroom Deputy made note of the desire to reschedule and informed defense counsel that the hearing would need to be rescheduled at a later date in the Albany Division per the Court. On Friday, March 4, 2022, the Courtroom Deputy emailed a reminder to defense counsel that a change of plea hearing needed to be rescheduled in the Albany Division. As of the date of this Order, defense counsel has not responded to the Courtroom Deputy's email.

could also face prosecution for contempt of court resulting in further fines and penalties. (Doc. 11.)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

However, the Court cannot ignore the multiple continuances over the course of two years or counsel's failure to promptly communicate. With the ends of justice in mind as explained above as well as the issues expressed *supra*, the Joint Motion for Continuance (Doc. 57) is **GRANTED IN PART**. It is **ORDERED** that the case is **CONTINUED** for an additional **THIRTY (30) DAYS from the issuance of this Order or to Monday, April 25, 2022**, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the April 25, 2022 is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). Thus, if Defendant Washington intends to resolve her case through a plea agreement, the Parties must have a hearing for Defendant's change of plea scheduled on the Court's docket **within thirty (30) days of this Order or by Monday, April 25, 2022**. The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice upon timely written motion of a party (or the parties) based upon grounds unavoidable or not reasonably

foreseeable by the moving party (or parties) filed on the record within forty-eight (48) hours of the parties' awareness of such grounds. The Court's purpose and intent is to bring this case to a final disposition consistent with the Defendant's and the Public's interest in a speedy disposition.

**SO ORDERED,** this 25th day of March 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**